ISHEE, J.,
 

 for the Court.
 

 ¶ 1. Desmond Kantie McClendon was indicted for attempted armed robbery as a result of an incident on the night of February 17, 2007, and a trial was held in the Circuit Court of Scott County. The jury convicted McClendon of attempted armed robbery, and the circuit court sentenced him to eight years in the custody of the Mississippi Department of Corrections (MDOC). McClendon filed a motion for a new trial, following the denial of which he timely filed the present appeal. He asserts three alleged points of error:
 

 I. His conviction was against the overwhelming weight of the evidence.
 

 II. The circuit court erred in advising the prosecution as to the proper objection to make.
 

 III. He received ineffective assistance of counsel.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On the night of February 17, 2007, Robert McDonald was at home alone when McClendon and McClendon’s half-sister, Shaeil Lewis, came to his mobile home. McDonald said that he did not know McClendon, but he was able to identify him in court. According to McDonald, McClendon came into the house, pointed a pistol at him, and told him to give him money. During a struggle in which McDonald attempted to wrestle the gun from McClendon, McClendon was shot in the arm. After the struggle, McClendon and Lewis followed McDonald outside and then left. According to McDonald, he was scared. After they left, McDonald went to his cousin’s house to notify the police of the incident.
 

 ¶ 3. Officer Billy Patrick, with the Scott County Sheriffs Department, spoke with McClendon on February 27, 2007. Officer Patrick advised McClendon of his
 
 Miranda
 
 rights, a copy of which was introduced in to evidence. He then took a statement from McClendon. In the statement, McClendon said he picked up Lewis in his mother’s car, and they drove to McDonald’s house. He said that Lewis told him they were going to rob McDonald, and she gave McClendon a pistol. Lewis initially went up to McDonald’s house alone, but McClendon followed shortly thereafter. McClendon then pulled out the pistol and pointed it at McDonald. According to McClendon, Lewis was talk
 
 *186
 
 ing to McDonald about “the money.” At some point, McDonald tried to grab the gun from McClendon. The ensuing struggle resulted in the gun firing a shot that hit McClendon in the arm. After the struggle, McClendon followed McDonald outside, but he said that he no longer pointed the gun at him. Once outside, McClendon said he convinced Lewis not to shoot McDonald, and the two of them got in the car and left.
 

 ¶ 4. Officer Marcus Lingle responded to McDonald’s call on the night of the incident. Officer Lingle testified that he initially thought McDonald was intoxicated. However, since his initial meeting with McDonald, Officer Lingle said that McDonald had spoken in the same manner on each occasion. Therefore, he thought that his initial impression of McDonald might have been skewed by McDonald’s normal speech pattern.
 

 ¶ 5. Lewis corroborated much of McClendon’s statement to the police. She had also been arrested for attempted armed robbery, but instead of going to trial, she pleaded guilty to the charge and was sentenced to five years in the custody of the MDOC. She said that, on the night of the incident, she was the first to enter McDonald’s house. On cross-examination, Lewis said she went there to have sex with McDonald in exchange for money. Lewis further stated that McClendon followed her into the house after a short time, and he pulled a gun on McDonald and demanded money from him. McDonald tried to get the gun from McClendon, and as the two of them struggled, McClendon suffered a gunshot wound to his arm. Lewis and McClendon then followed McDonald outside, and the two of them left.
 

 ¶ 6. At the close of the trial, the jury returned a verdict of guilty of attempted armed robbery against McClendon. The circuit court sentenced him to eight years in the custody of the MDOC. McClendon timely appealed from his conviction and sentence.
 

 DISCUSSION
 

 I. Weight of the Evidence
 

 ¶ 7. In McClendon’s first issue, he argues that the circuit court erred in denying his motion for a new trial. Appellate review of a trial court’s denial of a motion for a new trial looks to the weight of the evidence.
 
 Bush v. State,
 
 895 So.2d 836, 844(¶ 18) (Miss.2005) (citing
 
 Herring v. State,
 
 691 So.2d 948, 957 (Miss.1997)). We will review the evidence in the light most favorable to the verdict, and we will reverse the denial of the motion for a new trial only if the verdict is “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Id.
 

 ¶ 8. Mississippi Code Annotated section 97-3-79 (Rev.2006) provides the elements of armed robbery or attempted armed robbery:
 

 Eveiy person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery....
 

 ¶ 9. Weighing the evidence in the light most favorable to the verdict, we cannot say that McClendon’s conviction was so contrary to the overwhelming weight of the evidence that allowing it to stand would sanction an unconscionable injustice. According to McClendon’s own statement, he went to McDonald’s house with Lewis with the intent to rob McDonald. McClen-don admitted that he pointed the gun at McDonald while Lewis demanded money.
 
 *187
 
 At trial, this account was mostly corroborated by both Lewis and McDonald.
 

 ¶ 10. McClendon’s argument that he was only trying to get the money that he was owed is of no avail to him. The supreme court has stated: “We are not willing to lay down the proposition that if a man collects a debt by force and threats, and putting in fear, he will not be guilty of robbery.”
 
 Williams v. State,
 
 317 So.2d 425, 428 (Miss.1975) (quoting
 
 Herron v. State,
 
 176 Miss. 795, 801, 170 So. 536, 538 (1936)). McClendon also argues that McDonald’s life was never threatened. However, this argument also affords him no relief because McClendon admitted to pulling out a gun and pointing it at McDonald, and the gun was fired during an ensuing struggle.
 

 ¶ 11. Based on the foregoing, we find no error with the circuit court’s denial of McClendon’s motion for a new trial. This issue is without merit.
 

 II. Ruling on the State’s Objection
 

 ¶ 12. Next, McClendon takes issue with the circuit court’s handling of an objection made by the State during the cross-examination of McDonald. McClen-don argues that the following exchange was improper:
 

 Q. Mr. McDonald — uh—how much had you had to drink that evening?
 

 A. Nothing.
 

 Q. All right. Now, Officer — uh—Pete Lingle, do you remember meeting him?
 

 A. Yes, sir.
 

 Q. Did you remember meeting him that night?
 

 A. I (inaudible).
 

 Q. Now, if he said that you were heavily intoxicated—
 

 By Mr. Thames: I’m going to object. He’s speculating as to what he says. He cannot speculate [about] what the officer would say.
 

 By the Court: Overruled.
 

 Q. (By Mr. Smith) Now, if Officer Lin-gle said that you were heavily intoxicated that night—
 

 By the Court: Wait — wait a minute. The objection you should make, Jack, is that you cannot pit the testimony of one witness against that of another witness, so I’ll sustain your objection for that reason.
 

 McClendon does not assert that the ruling by the circuit court was in error, nor that sustaining the objection affected the outcome of the case. Nevertheless, McClen-don argues that plain error requires reversal of his conviction.
 

 ¶ 13. The admission or exclusion of evidence is within the discretion of the trial judge.
 
 Robinson v. State,
 
 940 So.2d 235, 238(¶ 7) (Miss.2006). This Court will not reverse an evidentiary ruling unless the trial judge abused his discretion and the defendant suffered prejudice as a result.
 
 Id.
 
 (citation omitted). Mississippi Rule of Evidence 103(a) provides that “[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.... ” Additionally, when the ruling excludes evidence, there must be an offer of proof. M.R.E. 103(a)(2).
 

 ¶ 14. Notwithstanding this ruling by the circuit court, the defense effectively cross-examined McDonald and brought to light his statements that he had not had any alcohol to drink that night. Later, when cross-examining Officer Lingle, the defense attempted to impeach McDonald’s claims with Officer Lingle’s police report, which reflected that McDonald was “heavily intoxicated” on the night of the incident. Furthermore, on cross-examination, Lewis stated that she had seen McDonald drink
 
 *188
 
 ing alcohol earlier that day. Accordingly, we fail to see how the judge’s decision to change his mind and sustain the State’s objection on a ground not specified by the State had any effect on McClendon’s trial. We find that the circuit court did not abuse its discretion in sustaining the State’s objection. Furthermore, we do not find that the exclusion of McDonald’s testimony concerning Officer Lingle’s belief as to McDonald’s intoxication affected any substantial right of McClendon. Therefore, this issue is without merit.
 

 III. Ineffective Assistance of Counsel
 

 ¶ 15. Last, McClendon takes issue with the performance of his trial counsel. McClendon alleges that his counsel’s representation was deficient and that his defense was prejudiced as a result. He points to four instances that demonstrate his counsel’s deficiency: (1) the failure to object to the circuit court’s advising the prosecution of the proper objection to make, (2) the failure to object to the fact that the State did not prove the elements of attempted armed robbery, (3) the failure to object to the State’s leading questions posed to McDonald, and (4) the failure to object to the State putting words in McDonald’s mouth.
 

 ¶ 16. The legal test to determine whether a defendant received effective assistance of counsel was set forth by the United States Supreme Court in
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The party complaining of ineffective assistance of counsel must show that: (1) counsel’s performance was deficient, and (2) that deficient performance prejudiced the defense.
 
 Id.
 
 Review of counsel’s performance is highly deferential, and there exists “a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance....”
 
 Id.
 
 at 689. This two-part test was applied in Mississippi in
 
 Leatherwood v. State,
 
 473 So.2d 964, 968 (Miss.1985). “Only where it is reasonably probable that, but for the attorney’s errors, the outcome of the trial would have been different will this Court find the counsel’s performance was deficient.”
 
 Smiley v. State,
 
 815 So.2d 1140, 1147(¶ 25) (Miss.2002) (quoting
 
 Gary v. State,
 
 760 So.2d 743, 753(¶ 31) (Miss.2000)).
 

 ¶ 17. In the present case, McClendon has failed to demonstrate to this Court how the alleged deficiencies prejudiced his defense. Instead, McClendon quotes a lengthy passage from
 
 Strickland.
 
 As such, we do not find that the outcome of the trial would have been any different but for any or all of the alleged deficiencies. As pointed out in addressing McClendon’s first two issues, his own statement and that of Lewis were sufficient to prove the State’s case of attempted armed robbery. Accordingly, even if McClendon’s counsel was deficient for the above-mentioned reasons, it is not reasonably probable that, but for the alleged deficiencies, the ultimate outcome of McClendon’s trial would have been different. Therefore, we do not find that McClendon received ineffective assistance from his counsel. This issue is without merit.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF ATTEMPTED ARMED ROBBERY AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.